Coös,  
June 1, 1909.

## LAPOINTE *v.* BERLIN MILLS CO.

Where the plaintiff in an action for negligence has testified by deposition, upon the suggestion of his counsel that he is not present in court, he is not entitled as matter of right to thereafter take the stand for the purpose of exhibiting his injuries to the jury, in the absence of a finding by the trial court that justice requires such procedure.

Where it appears that an injured servant had an opportunity to familiarize himself with the duties of his position by practical experience, evidence of his superintendent as to what those duties were cannot be excluded on the ground that the servant was neither instructed nor informed.

CASE, for personal injuries. Trial by jury and verdict for the defendants. Transferred from the December term, 1907, of the superior court by *Chamberlin*, J.

The plaintiff's hand was injured by coming in contact with a circular saw, while he was employed in the defendants' mill as a sawyer's helper. The defendants claimed that at the time of his injury he was not working within the scope of his employment. Upon the request of the plaintiff's counsel, and in accordance with section 11, chapter 225, Public Statutes, the court permitted the plaintiff's deposition, which had been taken by the defendants and placed on file, to be read in evidence, upon the ground that the plaintiff was not in attendance. After the deposition was read the plaintiff came into the court room, and his counsel then asked permission to exhibit to the jury the plaintiff's injured hand. The court ruled that as the plaintiff had testified by his deposition he could not testify further by showing his hand to the jury, and the plaintiff excepted, counsel stating that he did not offer the witness to testify, but for the purpose of having the jury examine his hand. During the rest of the trial the plaintiff sat near his counsel, and it is found that the jury saw the injured hand as fully as they could have seen it from the witness stand, and that he was produced within the bar enclosure and sat beside his counsel for that purpose, against the objection of the defendants.

The plaintiff had been at work in the mill as a helper for several weeks. The defendants' superintendent was called as a witness by the plaintiff and was permitted to testify on cross-examination, subject to exception, as to a helper's duties in operating the machine upon which the plaintiff was injured.

*Henry F. Hollis*, for the plaintiff.

*Samuel W. Emery* and *Edward C. Stone* (both of Massachusetts), and *Drew, Jordan, Shurtleff & Morris* and *Rich & Marble*, for the defendants.

WALKER, J. The plaintiff's exception to the ruling of the court refusing to allow him to exhibit his injured hand to the jury cannot be sustained, under the circumstances disclosed. If the only bearing of the proffered evidence was upon the question of damages, its exclusion, if error at the time, was rendered harmless by the verdict which established the fact of non-liability.

If however it did have, as claimed, some relevancy upon the question of liability, its exclusion was not necessarily erroneous. The plaintiff, having testified by his deposition upon the suggestion of counsel that he was absent, had no absolute right to testify further. P. S., c. 225, s. 11. "After a witness has been dismissed from the stand, he cannot be recalled without the permission of the court, upon an application for that purpose and good cause shown." Rule of Court No. 44, 71 N. H. 682. If the offer to exhibit the plaintiff's hand to the jury is to be regarded as a request to recall the witness after he had testified once and to permit him to testify further, it is clear that the refusal of the court to allow him to do so as a matter of right was not error. He did not ask the court to allow him to testify a second time as a matter of discretion, but claimed and now claims that the law gave him the right to exhibit his hand to the jury after his testimony was closed. In effect, he asked for a view pending the trial, stating expressly that he did not ask to be allowed to testify. But in this view of the matter he fails to establish his right. Whatever right he might have to a view or inspection of the injured hand at that stage of the trial depended upon a finding by the court that justice required it. P. S., c. 227, s. 19. In the absence of such a finding, the right does not exist. The plaintiff submitted no suggestions to the court that the fairness or justice of the trial would be promoted by the proposed inspection, as a basis for the court's exercise of discretion, and his exception to the ruling of the court raises merely the question whether he was entitled to have the jury view his hand as a

matter of strict law, without regard to any discretionary finding by the court. In this respect he stands no better than he would if he had offered to testify after his deposition was read, claiming a legal right to do so, excepting to a ruling excluding the evidence as a matter of law, and not desiring, or asking for, or obtaining a finding of fact that justice would be promoted thereby. Under such circumstances it does not appear that the ruling was wrong.

The testimony of the defendant's superintendent, who was familiar with the work the men did in the mill, relating to the duties of a helper to a sawyer on the machine in question, was properly received. The only objection urged against it is that it did not appear that the witness instructed the plaintiff in regard to his duties as a helper, or that the plaintiff was informed by any one that his duties were such as were detailed by the witness. But it is apparent that the plaintiff's employment as a helper for several weeks had given him an opportunity to learn what his duties were; and if the superintendent's understanding of what they were was correct, it would be a legitimate inference that the plaintiff had the same understanding derived from his practical experience. He had been in a position to know the course of business in the defendant's mill with reference to the work a sawyer's helper was expected to do; hence it was clearly competent to show by evidence what that course or system of business was. Its admission did not tend to charge him with knowledge which presumably he did not possess. It was as legitimate as it would have been if there had been positive evidence that the superintendent expressly told the plaintiff what his duties were.

*Exceptions overruled.*

All concurred.